**In the Matter of Elden E. STOOPS, Respondent.**

**Nos. 85S00–1107–DI–460, 85S00–1209–DI–505.**

Supreme Court of Indiana.

June 28, 2013.

*PUBLISHED ORDER APPROVING STATEMENTS OF CIRCUMSTANCES AND CONDITIONAL AGREEMENTS FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Condi-

tional Agreement for Discipline" in each of these cases, which we hereby consolidate for the purpose of imposing discipline, stipulating agreed facts and proposed discipline as summarized below:

**Cause No. 85S00–1107–DI–460**

*Stipulated Facts:* Respondent represented the uncle of a child who wished to obtain legal custody of the child. On November 4, 2009, Respondent filed a motion for emergency relief in a pending paternity action without complying with the requirements of Trial Rule 65(B) that he certify efforts made to notify opposing parties or proffer reasons why such notice should not be required. The court set a hearing date and entered an order giving the uncle temporary custody. Respondent sent copies of the papers he filed to the father but failed to serve them on or contact the father's counsel of record. Counsel later faxed Respondent a request for information. Counsel and Respondent met before the date set for hearing and worked out an agreement regarding the child's legal custody.

*Violations:* The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.5(b): Engaging in an improper ex parte communication with a judge.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

8.4(f): Assisting a judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

**Cause No. 85S00–1209–DI–505**

*Stipulated Facts:* In May 2009, Respondent filed an application on behalf of

Grandmother and BR to name them as co-guardians of Grandmother's two minor granddaughters ("the wards"). BR was the half-brother of the wards. The trial court granted the application on May 26, 2009. Difficulties later developed among the wards, BR, and BR's girlfriend. On August 19, 2010, Respondent filed, on behalf of Grandmother, a request for an emergency hearing, advising the court that BR should be removed a co-guardian. BR's attorney sent a letter to Respondent advising him of the apparent conflict of interest if he continued his representation of either party. Another attorney entered his appearance for Grandmother, but the record does not show whether Respondent ever withdraw his appearance for either Grandmother or BR. In 2012, Respondent filed a second guardianship application on behalf of Grandmother, and he filed a motion to dismiss the first guardianship case, which was granted.

*Violation:* The parties agree that Respondent violated Indiana Professional Conduct Rule 7(a)(1), which prohibits representing a client when the representation is directly adverse to another client.

**Facts in aggravation and mitigation.** The parties cite the following fact in aggravation: Respondent had substantial experience in the practice of law at the time of the misconduct. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful; (4) Respondent's misconduct was not due to a dishonest or selfish motive; and (5) Respondent's sole motivation in Cause No. 85S00–1209–DI–505 was to ensure the safety of the wards' persons and estates.

**Discipline:** The parties propose the appropriate discipline is a public reprimand.

The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of these proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in these cases is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.